SEGUNDO COSTA, Appellant, *v*. REGISTRAR OF PROPERTY OF HUMACAO, Respondent.

No. 988. Submitted March 11, 1937.—Decided March 19, 1937.

MR. JUSTICE CÓRDOVA DÁVILA delivered the opinion of the court.

This is an administrative appeal taken to this Supreme Court under sections 1 and 2 of the Act approved March 1, 1902 (Rev. Stat., 1902, p. 289; Comp. Stat. 1911, secs. 2180–2190) relating to administrative appeals.

Mario Fuentes Morales, in his capacity as Mayor and Chief Executive of the Municipality of Humacao, declared in a deed that the said municipality was the owner of a rural property measuring approximately seventeen acres (*cuerdas*) which is described in the deed; that the Municipality of Hu-

macao had urbanized the aforesaid property, laying out the streets thereof and dividing the same into 109 lots, according to the urbanization plan approved by the Departments of Health and of the Interior, and that by virtue of an ordinance passed by the Municipal Assembly of Humacao, the mayor of the municipality was authorized to give and grant the said lots in usufruct to such persons as might be entitled thereto with a view to enable them to build thereon; that in accordance with the said ordinance, in his capacity as Mayor and Chief Executive of the Municipality of Humacao, he gave and granted to Segundo Costa, in perpetual usufruct, gratuitously, and subject to certain conditions, the lot which is described in the deed; that the usufructuary shall have the obligation to construct on the said lot within a period not to exceed five years, counted from the date on which the streets to be opened in said urbanization should be finished and properly paved, and subject to the approval of the construction plans by the Insular Department of Health.

Upon the presentation of the said deed for record in the Registry of Property of Humacao, the registrar refused to record the same, setting forth the following grounds in support of his ruling:

"That the Mayor of Humacao lacks power to make grants of lots for the purpose of building houses, as the Municipal Law in force specifically vests such power in the assembly under the procedure fixed in section 70 of that law, and the assembly cannot delegate said power to the mayor through an ordinance; that the right granted to Segundo Costa, allowing him a period of five years to build on the lot in question, is contrary to the letter and the spirit of said section, because the latter provides in its third paragraph that 'no petition shall be taken into consideration if the petitioner does not attach thereto the plans and estimates for the building to be constructed, so that the assembly may be cognizant of the work in granting the concession,' a requisite which does not appear to have been complied with herein; and because otherwise the usufruct granted would have to be considered as an encumbrance on municipal real property, in which case it would be subject to the provisions of sec-

tion 38 of said Municipal Law in force, in connection with subdivision 5 of section 8 thereof, which provisions do not appear to have been complied with, either, in the instant case."

It is true that, according to the ordinance passed by the Municipality of Humacao on October 15, 1936, the above-mentioned rural property has been urbanized, "the corresponding urbanization plans having been duly approved by the Departments of Health and of the Interior. Said property has been divided into lots, each one being numbered in accordance with the said urbanization plan, on which the projected streets have been drawn." The mayor is authorized in said ordinance to grant and give in usufruct, in perpetuity, to the persons applying therefor and in his judgment entitled thereto, the lots located in the property which has been laid out for workmen's quarters. The person in whose favor the mayor may grant the usufruct of one of said lots, shall be bound to construct thereon, within a period not in excess of five years, counted from the date on which the streets to be opened in the said urbanization are finished and properly paved, subject to the approval of the corresponding construction plans by the Insular Department of Health. These are the substantial provisions of the ordinance which served as a basis for the grant of the usufruct in the case which gave rise to this appeal.

Section 70 of the Municipal Law in force (Act No. 53 of 1928, Session Laws, p. 334) cited by the registrar, reads in its pertinent part as follows:

"On petition, the municipal assembly may grant lots in perpetuity for the construction of houses thereon, under such conditions as the assembly may determine by ordinance approved for the purpose. . . .

"Municipal assemblies shall specify in such concessions as they may make, the respective rights of the grantor and grantee, or their successors, as to the ownership of the buildings or the reconstruction thereof in cases where they are destroyed or become deteriorated.

"The concession shall necessarily be made by an ordinance or resolution adopted by the majority of the total number of members

of the assembly; *Provided*, That no petition shall be taken into consideration if the petitioner does not attach thereto the plans and estimates for the building to be constructed on the lot applied for, so that the assembly may be cognizant of the work in granting the concession.''

The registrar argues that the mayor lacks power to make the above-mentioned concession, since this is a specific power of the municipal assembly which cannot be delegated to any other officer of the municipality. It seems to us that this conclusion of the registrar is correct. The municipal assembly can delegate to the mayor ministerial or administrative functions, but not those of a discretionary character.

McQuillin in his work ''Municipal Corporations,'' vol. 1, pp. 996, 997, says:

''While legislative or discretionary powers or trusts devolved by charter or law on a council or governing body, or a specified board or officer cannot be delegated to others, it is equally well established that ministerial or administrative functions may be delegated to subordinates. 'Ministerial functions are those that are absolute, fixed and certain, in the performance of which the board or officer exercises no discretion whatever.'

''The law has always recognized and emphasized the distinction between instances in which a discretion must be exercised by the officer or department or governing body in which the discretion is vested, and the performance of merely ministerial duties by subordinates and agents. Hence, the appointment of agents to carry out the authority of the council is entirely proper, and does not violate the rule *delegatus non potest delegare*. Thus the council may create committees or other bodies to investigate given matters, to procure information, to make reports and recommendations, but the council alone must finally determine every subject committed to its discretion and judgment.''

Section 70 above transcribed says that the concession shall necessarily be made by an ordinance, provided that no petition shall be taken into consideration if the petitioner does not attach thereto the plans and estimate for the building to be constructed on the lot applied for, so that the assem-

bly may be cognizant of the work in granting the concession. The construction plans and. the estimate for the projected work should be at the disposal of the assembly so that it may examine the same and have knowledge of the work in adopting its agreement. It is not sufficient that the corresponding plans of general urbanization may have been approved by the Departments of Health and of the Interior of Puerto Rico, and that the property may have been divided into lots. The applicant must submit to the municipal assembly in each case his construction plan, together with an estimate of the work, whenever a concession is to be made, so that the requirements of the act may be complied with. These are powers expressly vested in the municipal assembly and they can not be delegated to the chief executive of the municipality.

The decision of the registrar must be affirmed.